## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

_____

EMIR DINI,

      Petitioner,

v.                                                          No. 22-cv-00511-KWR/GJF

ISABELLA GUZMAN[1],
_Administrator of the Small Business Administration_,

      Respondent.

## <u>MEMORANDUM OPINION AND ORDER</u>

THIS MATTER comes before the Court on the following motions:

- Mr. Dini's Motion for Summary Judgment (Doc. 16);

- Respondent's Motion to Dismiss (Doc. 25);

- Mr. Dini's Motion for Leave to File Surreply (Doc. 37);

- Respondent's Motion to Exclude Exhibit filed in Support of Plaintiff's Surreply (Doc. 40);

- Mr. Dini's Motion to Amend Surreply (Doc. 41); and

- Mr. Dini's Emergency Motion to Expedite (Doc. 42).

Mr. Dini filed an amended petition for writ of mandamus (Doc. 6) requesting that the Court compel the Administrator of the Small Business Administration to perform her duties under the CARES Act and related legislation by approving his application for a forgivable Economic Injury Disaster Loan ("EIDL") or Targeted Advance grant. For the reasons stated below, the Court concludes that it is unable to grant him relief as appropriated funds were exhausted, and the EIDL

---

1 The Court substitutes Ms. Isabella Guzman as the Administrator of the Small Business Administration, at Respondent's request. Mr. Dini named John M. Garcia as the respondent.   Respondent requests the Court substitute the correct official, the Administrator of the Small Business Administration, Ms. Isabella Guzman.  The parties do not appear to dispute that only the Administrator of the SBA may sue or be sued.   15 U.S.C. § 634(b)(1). Petitioner appears to assert that Mr. Garcia is _an_ Administrator of the SBA under § 634(b)(1) who can be sued. The Court notes that whether Mr. Garcia or Ms. Guzman is the named Respondent as the Administrator of the SBA does not affect the Court's substantive ruling in this case.

program was closed, on May 15, 2022, before he filed his case. Mr. Dini lacks standing as the Court is unable to redress his alleged injury.   Therefore, this case is **DISMISSED WITHOUT PREJUDICE** for lack of standing.   Alternatively, only to the extent standing exists, the Court would not grant relief in Petitioner's favor, as he has not shown that sovereign immunity has been waived. Therefore,

- Mr. Dini's Motion for Summary Judgment (Doc. 16) is **DENIED**;

- Respondent's Motion to Dismiss (Doc. 25) is **GRANTED**;

- Mr. Dini's Motion for Leave to File Surreply (Doc. 37) is **GRANTED**;

- Respondent's Motion to Exclude Exhibit filed in Support of Plaintiff's Surreply (Doc. 40) is **DENIED**;

- Mr. Dini's Motion to Amend Surreply (Doc. 41) is **GRANTED**; and

- Mr. Dini's Emergency Motion to Expedite (Doc. 42) is **GRANTED IN PART**.

## BACKGROUND

Mr. Dini filed his petition for a writ of mandamus on July 11, 2022, requested that the Court order the Administrator of the Small Business Administration to perform her non-discretionary duties, which he asserts includes approving his application under the Economic Injury Disaster Loan program.

Mr. Dini initially named an entity Privilege AHRC as the Petitioner. Judge Fouratt issued an order to show cause, noting that Mr. Dini could not represent an entity without being an attorney authorized to practice before this Court.   Doc. 2, *citing* D.N.M.LR-Civ. 83.7 ("A corporation, partnership or business entity other than a natural person must be represented by an attorney

authorized to practice before this Court."). Mr. Dini subsequently filed an amended petition under his name. Doc. 6.

Section 7(b) of the Small Business Act authorizes the Small Business Administration to make Economic Injury Disaster Loans ("EIDL") "as the Administration may determine to be necessary" to "any small business concern, private nonprofit organization, or small agricultural cooperative suffering substantial economic injury" as a result of an officially declared disaster. 15 U.S.C. § 636(b)(1)(C)(2).

In 2020, Congress appropriated additional money to the Small Business Administration to temporarily enhance its authority to fund EIDLs for small business suffering economic injury resulting from the COVID-19 crisis, titled the Coronavirus AID, Relief, and Economic Security Act (the "CARES Act"), Pub. L. 116-136, 134 Stat. 281 (2020).   On December 27, 2020, Congress passed the Economic Aid Act, to provide additional pandemic relief to businesses and non-profit organizations.   Pub. L. 116-260, 134 Stat. 1182 (2020).   On March 11, 2021, President Biden signed the American Rescue Plan Act of 2021, which appropriated additional money for grants.   Pub. L. 117-2, 135 Stat. 4 (2021). The authority to carry out grants terminated on December 31, 2021.   15 U.S.C. § 9009(a)(1), (e)(8).   On May 15, 2022, the COVID-19 EIDL program's funding lapsed and the program ended.   Doc. 25-1, Ex. A.

On June 14, 2020, Petitioner submitted his application for the Economic Injury Disaster Loan program.   Doc. 6 at ¶ 7.   On December 21, 2020, Respondent denied the Petitioner's application due to insufficient information. The SBA found he was ineligible to receive the EIDL Advance.   *Id.* at ¶8; Doc. 1, Exs. 4, 5.

Petitioner attempted to appeal the decision by sending the SBA additional documents.   *Id.*

at ¶ 9.   On June 29, 2021, the SBA denied Petitioner's applications for the Targeted Economic Injury Advance and a Supplemental Economic Injury Advance because the SBA alleged it could not verify the existence of an eligible business.   Doc. 21, Exs. A, B.

In September 2021, the SBA attempted to send a Targeted Economic Injury Advance to Petitioner, but Petitioner's bank did not accept the funds due to incorrect account information.   *Id.* at ¶ 11.

On November 30, 2021, the SBA denied his application as it could not verify the existence of a business that was eligible in 2019 to receive the EIDL.   *Id.* at ¶ 15.

Petitioner asserts one claim, a request for a writ of mandamus.   He requests the Court issue an injunction directing Respondent to perform her allegedly non-discretionary duties, including (1) process EIDL loans quickly, (2) rely on self-certifications and attestations, (3) award EIDL/Targeted Advance grants to applicants that meet eligibility guidelines established by Congress. Doc. 6 at ¶ 20.

**DISCUSSION**

**I.**     **Petitioner's Emergency Motion to Expedite (Doc. 42).**

Mr. Dini filed an emergency motion to expedite, requesting that the Court issue an immediate ruling.   He asserts that he will be prejudiced as his case will become moot on June 1, 2023, when he believes legislation will be enacted rescinding certain appropriated funds. The Court finds that Petitioner has not submitted sufficient evidence to support the asserted prejudice.

Mr. Dini relied upon news articles, and not enacted legislation. Rather, the evidence in the record provides that the EIDL program ended in May 2022, months before Petitioner filed his case, due to the exhaustion of appropriated funds.   Doc. 25-1, Ex. A, at ¶ 4.

Moreover, several motions have not been fully briefed by Petitioner.  *See* Doc. 41. Nevertheless, the dispositive motion in this case, the motion to dismiss, has been fully briefed. Having reviewed all pleadings in this case, along with the relevant law, the Court will issue a decision on the pending motions now.   The Court therefore grants in part Mr. Dini's motion to expedite.

## II.      Petitioner lacks standing because the Court cannot redress his alleged injury.

Article III of the Constitution limits federal court jurisdiction to actual cases or controversies.  *Raines v. Byrd*, 521 U.S. 811, 818, 117 S.Ct. 2312, 138 L.Ed.2d 849 (1997) (quotations omitted). "One element of the case-or-controversy requirement is that plaintiffs must establish that they have standing to sue." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408, 133 S.Ct. 1138, 185 L.Ed.2d 264 (2013) (quotations omitted).   Petitioner "bear[s] the burden of establishing standing," *Colo. Outfitters Ass'n v. Hickenlooper*, 823 F.3d 537, 544 (10th Cir. 2016), and must have "standing ... at the time the action is brought," *Mink v. Suthers*, 482 F.3d 1244, 1253 (10th Cir. 2007). "Standing must exist throughout the litigation." *Qwest Commc'ns Int'l, Inc. v. F.C.C.*, 240 F.3d 886, 891 (10th Cir. 2001).

To assert standing, Petitioner "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citing *Lujan*, 504 U.S. at 560-61).

Respondent argues that Petitioner does not have standing because (1) he has not asserted an injury and (2) his alleged injury is not redressable. The Court agrees with Respondent and finds that Petitioner has not shown he has standing.

**A.      Petitioner has not asserted an injury on his behalf.**

Petitioner has not shown that he can assert claims on behalf of a business which applied for the loan.   The applicant for the EIDL was "Privilege LLC".   Doc. 1, Ex. 6. Petitioner did not describe the nature of this entity in his amended petition, but the Court assumes based on the exhibits attached to the petition that it is a limited liability company.

Mr. Dini has not shown in his Amended Petition that he has standing to pursue claims on behalf of this limited liability company ("LLC"), or that he was also injured by the denial of Privilege LLC's application.   As the Respondent correctly asserts, "a shareholder does not have standing to redress an injury to the corporation in which it holds stock." *K-B Trucking Co., v. Riss International Corp*., 763 F.2d 1148, 1154 n.7 (10th Cir. 1985), *citing Shell Petroleum, N.V. v. Graves*, 709 F.2d 593, 595 (9th Cir. 1982) (to demonstrate standing, a business owner must show that he was "injured directly and independently of the corporation"); *see also Huang v. Small Bus. Admin.*, No. 22-CV-03363-BLF, 2022 WL 3017521, at *3 (N.D. Cal. July 29, 2022) (applicant for EIDL program is the business, not owner of the business). This is because "[i]njury to the corporation is not cognizable as injury to the shareholders, for purpose of standing requirements." *RK Ventures, Inc., v. City of Seattle*, 307 F.3d 1045, 1057 (9th Cir. 2002).

Similarly, an individual lacks standing to assert a claim on behalf of an LLC.  S*ee, e.g.*, *Fleming v. ISCO Indus., Inc.*, No. 3:17-CV-648 (VAB), 2018 WL 1141358, at *4 (D. Conn. Mar. 2, 2018) ("[A] limited liability company provides certain protections against individual liability, but without individual liability, an individual, even the sole member of the LLC, lacks standing to bring a claim as the LLC"), *aff'd*, 750 F. App'x 62 (2d Cir. 2019) ("We agree with the District Court that Fleming lacks standing to pursue this action. Fleming, a *pro se* litigant, cannot assert

claims on behalf of Douglas P. Fleming, LLC ... And to the extent Fleming asserts claims on his own behalf, the complaint does not sufficiently allege that he—as opposed to Douglas P. Fleming, LLC—suffered a concrete injury.").

To the extent Mr. Dini applied for an EIDL individually, he has not shown that he was an individual contractor or sole proprietor eligible for a grant.   15 U.S.C. § 636(b)(2); 15 U.S.C. § 9009(a)(2) ("individual who operates under a sole proprietorship, with or without employees, or as an independent contractor.").

Therefore, Petitioner has not shown that he suffered an injury.

**B.      The Court cannot redress Petitioner's alleged injury.**

Even assuming Petitioner has shown an injury, he has not shown that the alleged injury is redressable by a favorable judicial decision.   Petitioner must show that the injury is redressable— that it is " 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.' " *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561, 112 S. Ct. 2130, 2136, 119 L. Ed. 2d 351 (1992) (quoting *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 38, 43, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976)). "A showing that the relief requested *might* redress the plaintiff's injury is generally insufficient to satisfy the redressability requirement." *WildEarth Guardians v. Pub. Serv. Co. of Colo.*, 690 F.3d 1174, 1182 (10th Cir. 2012).

Respondent raises a "factual attack" and relies on extrinsic evidence. The Court has broad discretion to allow affidavits and other documents to resolve disputed jurisdictional facts under Rule 12(b)(1). *Holt v. United States,* 46 F.3d 1000, 1003 (10th Cir. 1995).

Here, the Court cannot grant relief to redress Petitioner's alleged injuries because the appropriated funds have been exhausted, and the program has been closed. **Doc. 25-1, Ex. A, at ¶**

**4** ("Garland Declaration") ("As of Sunday, May 15, 2022, the appropriated funds for COVID EIDL loans were exhausted. The Administration stopped accepting new applications for loans or requests for reconsideration for loans and increases, and the program ended.").   "It is a well-settled matter of constitutional law that when an appropriation has lapsed or has been fully obligated, federal courts cannot order the expenditure of funds that were covered by that appropriation." *City of Houston, Tex. v. Dep't of Hous. & Urb. Dev.*, 24 F.3d 1421, 1424 (D.C. Cir. 1994).

The SBA is permitted to issue EIDL funds only "to the extent and in such amounts as provided in advance in appropriation Acts ..." 15 U.S.C. § 636(b)(2). However, appropriated funding was exhausted as of May 15, 2022, thus, there are no funds available. Doc. 25-1, Ex. A at 4.

The exhaustion of EIDL funding precludes the Court from granting Plaintiff "any effectual relief." *Pietrangelo v. Sununu*, 15 F.4th 103, 105 (1st Cir. 2021). "Where, as here, the congressional appropriations relating to the funds sought by private litigants have been lawfully distributed—and therefore exhausted—by a federal agency, courts lack authority to grant effectual relief in the context of an Article III case or controversy." *Cnty. of Suffolk, N.Y. v. Sebelius*, 605 F.3d 135, 138 (2d Cir. 2010).

Moreover, the program has been closed. **Doc. 25-1, Ex. A**. As explained below, this Court is prohibited from issuing an injunction affecting the inner workings of the SBA, and therefore lacks the authority to order the SBA to reopen the program. *See* 15 U.S.C. § 634(b)(1).

Petitioner asserts that funds remain for approved applicants who had bank transfer errors. There is no evidence in the record supporting Petitioner's assertion that funds remained **after** May 15, 2022, and it directly conflicts with the Garland Declaration, which states that appropriated

8

funds were exhausted. Petitioner does not provide evidence that as of May 15, 2022, funds remain. Petitioner cites to a YouTube video which he states was uploaded on August 6, 2020. *See* **Doc. 33 at 3 n.8**.  He also attaches a screen capture of a page on a website, but this appears to have been from two years ago. **Doc. 33, Ex. 3 at 3.**   This exhibit does not prove that funds remain or that the program remains open after May 15, 2022.

Even assuming funds remain for certain approved applicants who have not yet received funds because of bank transfer errors, here Petitioner has not pled that he is one of those people. At the time the program was closed, Mr. Dini's application was in rejected status, because SBA asserts it could not verify the existence of an eligible business in 2019.   **Doc. 1, Ex. 12** (application denied as SBA could not verify Petitioner's business was viable in 2019); **Doc. 6 at ¶ 15** (application was denied as of November 30, 2021); *see* **Doc. 33 at 13, Ex. 5** (application declined on November 10, 2021, as business was not confirmed to be viable in 2019).   Mr. Dini was not merely waiting for the SBA to perform a ministerial bank transfer.

Therefore, Petitioner's alleged injury is not redressable, Petitioner lacks standing, and the Court will dismiss this case without prejudice.  *See, e.g., Huang v. Small Bus. Admin*., No. 22-CV-03363-BLF, 2023 WL 3028087, at *4 (N.D. Cal. Apr. 19, 2023) (because EIDL funds were exhausted and program was closed, plaintiff's alleged injuries were not redressable); *Mar. v. United States Small Bus. Admin.*, No. 4:22CV543 HEA, 2023 WL 355906, at *2 (E.D. Mo. Jan. 20, 2023) (same), *reconsideration denied,* No. 4:22CV543 HEA, 2023 WL 2327675 (E.D. Mo. Mar. 2, 2023) (same).

III.      **Alternatively, the Court would conclude that Petitioner fails to state a claim**.

Alternatively, only to the extent Petitioner has standing, the Court would conclude that

petitioner fails to state a claim, as (1) sovereign immunity was not waived, and (2) Petitioner has not asserted a non-discretionary duty.

**A.     Congress has not waived sovereign immunity for Petitioner's claims.**

Petitioner requests the Court issue an injunction, in the form of a writ of mandamus, directing the Administrator of the SBA to perform her non-discretionary duties, which includes approving his application for the EIDL program and distributing funds to him. The Court does not have the authority to issue Petitioner's requested injunctive relief, as Congress has not waived sovereign immunity for this claim, and injunctive relief is otherwise prohibited under 15 U.S.C. § 634(b)(1).

The issue of sovereign immunity is before the Court in both a motion to dismiss under Fed. R. Civ. P. 12(b)(6) (Doc. 25), and a motion for summary judgment under Fed. R. Civ. P. 56 (Doc. 16).

Generally, "the United States can be sued only to the extent that it has waived its immunity." *Garling v. EPA*, 849 F.3d 1289, 1294 (10th Cir. 2017) (quoting *United States v. Orleans*, 425 U.S. 807, 814, 96 S.Ct. 1971, 48 L.Ed.2d 390 (1976)); *see also FDIC v. Meyer*, 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994).   Congress may waive sovereign immunity, but such waiver "cannot be implied" and "must be unequivocally expressed." *United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980). Relevant here is 15 U.S.C. § 634(b)(1), which waives the SBA's sovereign immunity for certain claims as follows:

> In the performance of, and with respect to, the functions, powers, and duties vested in him by this chapter the Administrator may
>
> ... sue and be sued in any court of record of a State having general jurisdiction, or in any United States district court, and jurisdiction is conferred upon such district court to determine such controversies without regard to the amount in controversy;

> but no attachment, injunction, garnishment, or other similar process, mesne or final, shall be issued against the Administrator or his property[.]

15 U.S.C. § 634(b)(1) (the "sue-and-be-sued clause").   Although this statute is to be liberally construed, "it is not [the Court's] right to extend the waiver of sovereign immunity more broadly than has been directed by Congress." *United States v. Shaw*, 309 U.S. 495, 502, 60 S.Ct. 659, 84 L.Ed. 888 (1940).

Although Mr. Dini filed a petition for a writ of mandamus, he seeks injunctive relief, requesting that the Court order Respondent to perform her non-discretionary duties, which includes (1) process EIDL loans quickly, (2) rely on self-certifications and attestations, (3) award EIDL/Targeted Advance grants to applicants that meet eligibility guidelines established by Congress. Doc. 6 at ¶ 20.   Whether his claim arises under the mandamus statute or the APA statute, it is clear that Petitioner seeks injunctive relief which includes ordering Respondent to, in effect, provide him funds.   *See, e.g., Marathon Oil Co. v. Lujan*, 937 F.2d 498, 500 (10th Cir. 1991) (noting that the requested "injunctive relief duplicated the mandamus relief."), *citing Estate of Smith,* 747 F.2d at 591 (noting that where injunctive relief imposed by a court orders an agency to comply with the APA, the "injunction is essentially in the nature of mandamus").

The Tenth Circuit has broadly interpreted Section 634(b) to prohibit injunctions against the SBA or its Administrator. *United States v. Mel's Lockers, Inc.,* 346 F.2d 168 (10th Cir. 1965) ("The provisions in the Small Business Act which permit the Administrator to be sued, specifically provide that no injunction shall be issued against the Administrator or his property. This language is too clear for misunderstanding that there is no waiver by Congress as to injunction suits."); *see also Mar v. Kleppe*, 520 F.2d 867, 869 (10th Cir. 1975); *see also In re Hidalgo Cnty. Emergency Serv. Found.*, 962 F.3d 838 (5th Cir. 2020) (all injunctive relief directed at the SBA is absolutely

11

prohibited."), *quoted in Shumaker v. Guzman*, No. 22-40049, 2022 WL 1183712, at *1 (5th Cir. Apr. 21, 2022) (applying injunction prohibition in EIDL loan context).   These Tenth Circuit cases are binding on this Court. Because Petitioner seeks an injunction compelling the Administrator to perform her duty to approve his application and distribute funds to him, the Court concludes that Section 634(b) bars the requested relief, and sovereign immunity has not been waived.

Some courts hold that Section 634(b) does not bar injunctions which would not interfere with internal agency operations.   *Ulstein Mar., Ltd. v. United States*, 833 F.2d 1052, 1056-57 (1st Cir. 1987).   Even assuming the Tenth Circuit would overrule its precedent and adopt this narrower interpretation, here any injunction would necessarily interfere with internal agency operations.

The Administrative Procedures Act ("APA") does not provide an independent waiver for sovereign immunity here.   The APA waives sovereign immunity for claims for injunctive relief where an agency unlawfully withholds or unreasonably delays action so long as no other statute that grants consent to suit expressly or implicitly forbids such relief. 5 U.S.C. §§ 702, 706(1). Here, there is a statute which explicitly forbids such relief.   *See* § 634(b); *AARK Rest. Grp. LLC v. United States Small Bus. Admin.*, No. CV 22-1433, 2022 WL 1265531, at *4 (E.D. Pa. Apr. 28, 2022) ("the injunctive relief Plaintiffs seek would certainly interfere with the SBA's internal workings, requiring me to: (1) direct the Agency to "expeditiously process" Plaintiffs' EIDL loan increase applications…[and] prohibit the Agency from considering specific evidence and circumstances…").

**B.     Petitioner has not shown that Respondent has a non-discretionary duty to act.**

Alternatively, Petitioner's claim for a writ of mandamus fails, as he has not shown that the Respondent has a non-discretionary duty to approve his application and distribute funds to him.

12

The federal mandamus statute provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

Mandamus may only be invoked in extraordinary situations. *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980). Further, "[m]andamus is not available to review discretionary acts of agency officials." *Green v. Heckler*, 742 F.2d 237, 241 (5th Cir. 1984).

A writ of mandamus is only available where a petitioner has exhausted all avenues for relief and respondent has a clear non-discretionary duty to act. *Heckler v. Ringer*, 466 U.S. 602, 616, 104 S. Ct. 2013, 2022, 80 L. Ed. 2d 622 (1984), *cited in Bartlett Mem'l Med. Ctr., Inc. v. Thompson*, 347 F.3d 828, 835 (10th Cir. 2003).

The Small Business Act created the SBA to "aid, counsel, assist, and protect ... the interests of small-business concerns[.]" *SBA v. McClellan*, 364 U.S. 446, 447, 81 S.Ct. 191, 5 L.Ed.2d 200 (1960). The SBA Administrator has the authority to "make such rules and regulations as he deems necessary to carry out the authority vested in him by or pursuant to this chapter" and to "take any and all actions ... when he determines such actions are necessary or desirable in making ... loans made under" the Act. 15 U.S.C. § 634(6)–(7). Section 7(b) of the Small Business Act authorizes the SBA to make EIDL loans "as the Administration may determine to be necessary" to "any small business concern, private nonprofit organization, or small agricultural cooperative suffering substantial economic injury" as a result of an officially declared disaster. 15 U.S.C. § 636(b)(1)(C)(2).

In 2020, Congress appropriated additional money to the Small Business Administration to

temporarily enhance its authority to fund EIDLs for small business suffering economic injury resulting from the COVID-19 crisis., titled the Coronavirus AID, Relief, and Economic Security Act (the "CARES Act"), Pub. L. 116-136, 134 Stat. 281 (2020).   However, the CARES act "is an extension of powers that Congress has already granted to the SBA and its Administrator—most particularly for the emergency grant, the power to make and administer EIDLs." *LIT Ventures, LLC v. Carranza*, 457 F. Supp.3d 906, 910 (D. Nev. 2020).

Petitioner has not shown that Respondent has a non-discretionary duty to approve his application and fund his EIDL or targeted advance. The CARES Act amended section 7(a) of the Small Business Act by temporarily expanding eligibility requirements for EIDLs. This section authorizes the SBA to make disaster loans "as the Administration *may* determine to be necessary or appropriate to any small business concern, private nonprofit organization, or small agricultural cooperative located in an area affected by a disaster ... if the Administration determines that the concern, the organization, or the cooperative has suffered a substantial economic injury as a result of such disaster ...." 15 U.S.C. § 636(b)(2). The word "may" in this statutory context plainly indicates that the SBA's decision to award EIDLs is discretionary or permissive, not mandatory. *Fernandez v. Brock*, 840 F.2d 622, 632 (9th Cir. 1988) ("'May' is a permissive word, and [courts] will construe it to vest discretionary power absent a clear indication from the context that Congress used the word in a mandatory sense.").

Moreover, § 1110 of the CARES Act, 15 U.S.C. § 9009, does not "prescribe[ ] a mandatory, ministerial duty on the part of the SBA." *LIT Ventures, LLC v. Carranza*, 457 F. Supp.3d 906, 910 (D. Nev. 2020); *see Widerman Malek P.L. v. Carranza*, No. 6:20-CV-665-ORL-37GJK, 2020 WL 6748083, at *4 (M.D. Fla. June 22, 2020) (noting that "the CARES Act does not impose a clear,

non-discretionary duty on the SBA to award grants") (citing 15 U.S.C. § 9009(e)). It provides in part:

> [d]uring the covered period, an entity included for eligibility in subsection (b) ... that applies for a loan under [15 U.S.C. § 636(b)(2)] in response to COVID-19 may request that the Administrator provide an advance that is, subject to paragraph (3), in the amount requested by such applicant to such applicant within 3 days after the Administrator receives an application from such applicant.

*Id.* at § 9009(e)(1).   There is no express mandatory language here directing the SBA to approve and fund applications. *See Widerman Malek P.L. v. Carranza*, No. 620CV665ORL37GJK, 2020 WL 6748083, at *4 (M.D. Fla. June 22, 2020) ("The statute says applicants *may request* the SBA provide up to $10,000 within three days, but it doesn't explicitly require the SBA to provide $10,000—or any money at all—within three days."), *see also LIT Ventures, LLC v. Carranza*, No. 2-20-cv-00706-JAD-DJA, 2020 WL 2200845, at *3 (D. Nev. May 5, 2020) (noting that § 9009 (e)(1) "tells an applicant what it may do when applying for an EIDL in response to COVID-19," not what the SBA must do).

Petitioner asserts that Respondent must accept his self-attestation as proof of his business's eligibility and the SBA is prohibited from conducting further inquiries into the viability of his business. § 9009(e)(2). "[O]ther courts have examined the CARES Act in the context of the overall statutory scheme and have held that the Congress did not intend CARES Act criteria to be the exclusive criteria for the disaster loans, did not eliminate long-standing eligibility criteria, and instead temporarily expanded eligibility regarding size for disaster loans." *Deja Vu-San Francisco LLC v. United States Small Bus. Admin.*, No. 20-CV-03982-LB, 2020 WL 6260010, at *7 (N.D. Cal. Sept. 11, 2020).   In approving forgivable loans, the Administrator has discretion to determine an applicant's ability to repay loans and determine whether an application is accurate.   15 U.S.C. § 9009(d) (The Agency "may ... approve an application—(A) based solely on the credit score of

15

the applicant; or by using alternative appropriate methods to determine an applicant's ability to repay."). Moreover, although the statute provides that the SBA *may* consider information from the Department of Treasury, it does not proscribe the Agency from considering other information. *Id*.

Therefore, the Court finds that the Administrator of the SBA does not have a non-discretionary duty to approve Petitioner's application. Therefore, Petitioner's claim for a writ of mandamus fails.

### C.    Administrative Procedures Act.

Petitioner did not plead an Administrative Procedures Act ("APA") claim, aside from a lone citation to the APA statute. However, he appears to assert in a response to a motion dismiss that the Court can grant him relief under the APA.   **Doc. 33 at 5**. Generally, a petitioner cannot amend a petition or complaint through a motion responding to a motion to dismiss.   Petitioner has not moved for leave to amend his petition, or attached a second amended petition as required by local rules. *See* Fed. R. Civ. 15(a); D.N.M.LR-Civ. 15.1.   The Court therefore declines to consider Petitioner's APA argument in his briefing.

Even assuming the Court should consider his alleged APA claim, the Court would not find relief in his favor to be warranted.   Petitioner asserts that Respondent acted arbitrarily or capriciously, or abused her discretion, in denying his application. The Court may set aside Respondent's decision only if it is "unsupported by substantial evidence," or is "arbitrary, capricious, an abuse of discretion, or [is] otherwise not in accordance with law." 15 U.S.C. § 706(2).   Petitioner appears to assert that the Respondent has a non-discretionary duty to approve his applicaton, and may not inquire into the viability of his business in 2019. The Court disagrees. The EIDL program provides for discretionary forgivable loans.   15 U.S.C. § 9009(d) (The Agency

"may ... approve an application—(A) based solely on the credit score of the applicant; or by using alternative appropriate methods to determine an applicant's ability to repay."). Moreover, although the statute provides that the SBA *may* consider information from the Department of Treasury, it does not proscribe the Agency from considering other information. *Id*. Petitioner has not shown that Respondent is precluded from requesting documentation verifying the viability or eligibility of an applicant.

Here, the Court concludes that Petitioner has not pled facts plausibly alleging that Respondent had a non-discretionary duty to approve his application, and he has not shown that Respondent acted arbitrarily, capriciously, or abused her discretion.

**IV.**   **Petitioner's Motion for Summary Judgment is Denied.**

Petitioner moved for summary judgment.   *See* Doc. 16.   For the reasons stated above, the Court concludes that his Motion for Summary Judgment is not well taken and is therefore denied.

**V.**   **Petitioner's Motions for Leave to File Surreply.**

Petitioner filed a Motion for Leave to File Surreply (Doc. 37) and a Motion to Amend Surreply and for Miscellaneous Relief (Doc. 41).   Respondent filed a Motion to Exclude Exhibit filed in support of Plaintiff's Surreply (Doc. 40). The Court will grant Petitioner's Motions (Docs. 37 and 41) and deny Respondent's motion (Doc. 40).

Where a reply brief presents new legal arguments or evidence, a court may take either of two courses of action: (a) refrain from relying on the new arguments or materials in the reply or (b) permit a surreply.   *Beaird v. Seagate Technology, Inc.,* 145 F.3d 1159, 1164 (10th Cir. 2003). If the district court does not allow a surreply, then the court can avoid error only by not relying on

the new materials and arguments in the movant's reply brief.   *Beaird,* 145 F.3d at 1164; *Doebele v. Sprint/United Management Co.,* 342 F.3d 1117, 1129-31 (10th Cir. 2003).

The Court will grant Mr. Dini's motions for leave to file surreply, and has consider his surreply and amended surreply.

**CONCLUSION**

Mr. Dini lacks standing and the Court lacks the ability to redress his alleged injury. Alternatively, even assuming Mr. Dini had standing, the Court would not be able to grant him his requested relief on the merits. Therefore, the Court will dismiss his case without prejudice for lack standing.

**IT IS THEREFORE ORDERED THAT:**

- Mr. Dini's Motion for Summary Judgment (Doc. 16) is **DENIED**;

- Respondent's Motion to Dismiss (Doc. 25) is **GRANTED**;

- Mr. Dini's Motion for Leave to File Surreply (Doc. 37) is **GRANTED**;

- Respondent's Motion to Exclude Exhibit filed in Support of Plaintiff's Surreply (Doc. 40) is **DENIED**;

- Mr. Dini's Motion to Amend Surreply (Doc. 41) is **GRANTED**; and

- Mr. Dini's Emergency Motion to Expedite (Doc. 42) is **GRANTED IN PART**.

**IT IS FINALLY ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE** for lack of standing.

The Court will issue a separate judgment.



KEA W. RIGGS
UNITED STATES DISTRICT JUDGE
