IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EMIR DINI,

    Petitioner,

v.                                                            No. 1:22-cv-00511-KWR-GJF

ISABELLA GUZMAN[1],
*Administrator of the Small Business Administration*,

    Respondent.

## ORDER DENYING MOTION TO VACATE JUDGMENT

THIS MATTER comes before the Court on Mr. Dini's Motion to Vacate Judgment (Doc. 46). For the reasons stated below, the Court finds that the motion is not well taken, and, therefore, is **DENIED.**

The Court dismissed this case without prejudice for lack of standing because the Court was unable to redress Mr. Dini's alleged injury. Doc. 44. The Court reasoned that it was unable to redress Mr. Dini's alleged injury, as the appropriated funds had run out before he filed this case, and the program had been closed. *Id.* at 7-9, 18; *see, e.g., City of Houston, Tex. v. Dep't of Hous. & Urb. Dev.,* 24 F.3d 1421, 1426 (D.C. Cir. 1994) ("The instant case is moot because the panel can offer no relief which can redress [appellant's] asserted grievance, as the appropriated funds had run out.") (internal quotation marks omitted). The Court entered a judgment dismissing this case without prejudice for lack of subject matter jurisdiction on June 2, 2023. Doc. 45.

Now, Mr. Dini requests that the Court vacate its judgment and dismiss this case as moot, as he asserts that this case became moot on June 1, 2023, when he asserts Congress passed

---

[1] The Court substitutes Ms. Isabella Guzman as the Administrator of the Small Business Administration, at Respondent's request. *See* Doc. 44 at 1.

legislation rescinding appropriated funds. *See* Doc. 46. He asserts this legislation was enacted before judgment was entered in this case. As explained below, the Court will deny his request, as the Court entered judgment before the legislation was signed by President Biden into law on June 3, 2023.

Plaintiff did not identify whether he brings this motion under Fed. R. Civ. P. 59 or 60. "No matter how styled, a motion will be deemed a Rule 59(e) motion if it is served within the specified time period and seeks relief appropriate to Rule 59(e) by questioning the correctness of the underlying judgment." *Hayes Fam. Tr. v. State Farm Fire & Cas. Co.*, 845 F.3d 997, 1004 (10th Cir. 2017), *citing Hannon v. Maschner*, 981 F.2d 1142, 1144 n.2 (10th Cir. 1992). Rule 59(e) relief is available in limited circumstances, including "(1) an intervening change in the controlling law, (2) [when] new evidence previously [was] unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Because Mr. Dini filed his motion to vacate within 28 days of the entry of judgment, the Court assumes that Fed. R. Civ. P. 59 applies here. Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

The Court ruled in relevant part as follows:

> Even assuming Petitioner has shown an injury, he has not shown that the alleged injury is redressable by a favorable judicial decision. Petitioner must show that the injury is redressable—that it is " 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.' " *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561, 112 S. Ct. 2130, 2136, 119 L. Ed. 2d 351 (1992) (quoting *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 38, 43, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976)). "A showing that the relief requested *might* redress the plaintiff's injury is generally insufficient to satisfy the redressability requirement." *WildEarth Guardians v. Pub. Serv. Co. of Colo.*, 690 F.3d 1174, 1182 (10th Cir. 2012).

Respondent raises a "factual attack" and relies on extrinsic evidence. The Court has broad discretion to allow affidavits and other documents to resolve disputed jurisdictional facts under Rule 12(b)(1). *Holt v. United States,* 46 F.3d 1000, 1003 (10th Cir. 1995).

Here, the Court cannot grant relief to redress Petitioner's alleged injuries because the appropriated funds have been exhausted, and the program has been closed. **Doc. 25-1, Ex. A, at ¶ 4** ("Garland Declaration") ("As of Sunday, May 15, 2022, the appropriated funds for COVID EIDL loans were exhausted. The Administration stopped accepting new applications for loans or requests for reconsideration for loans and increases, and the program ended."). "It is a well-settled matter of constitutional law that when an appropriation has lapsed or has been fully obligated, federal courts cannot order the expenditure of funds that were covered by that appropriation." *City of Houston, Tex. v. Dep't of Hous. & Urb. Dev.*, 24 F.3d 1421, 1424 (D.C. Cir. 1994).

The SBA is permitted to issue EIDL funds only "to the extent and in such amounts as provided in advance in appropriation Acts ..." 15 U.S.C. § 636(b)(2). However, appropriated funding was exhausted as of May 15, 2022, thus, there are no funds available. Doc. 25-1, Ex. A at 4.

The exhaustion of EIDL funding precludes the Court from granting Plaintiff "any effectual relief." *Pietrangelo v. Sununu*, 15 F.4th 103, 105 (1st Cir. 2021). "Where, as here, the congressional appropriations relating to the funds sought by private litigants have been lawfully distributed—and therefore exhausted—by a federal agency, courts lack authority to grant effectual relief in the context of an Article III case or controversy." *Cnty. of Suffolk, N.Y. v. Sebelius*, 605 F.3d 135, 138 (2d Cir. 2010).

Moreover, the program has been closed. **Doc. 25-1, Ex. A**. As explained below, this Court is prohibited from issuing an injunction affecting the inner workings of the SBA, and therefore lacks the authority to order the SBA to reopen the program. *See* 15 U.S.C. § 634(b)(1).

Petitioner asserts that funds remain for approved applicants who had bank transfer errors. There is no evidence in the record supporting Petitioner's assertion that funds remained **after** May 15, 2022, and it directly conflicts with the Garland Declaration, which states that appropriated funds were exhausted. Petitioner does not provide evidence that as of May 15, 2022, funds remain. Petitioner cites to a YouTube video which he states was uploaded on August 6, 2020. *See* **Doc. 33 at 3 n.8**. He also attaches a screen capture of a page on a website, but this appears to have been from two years ago. **Doc. 33, Ex. 3 at 3.** This exhibit does not prove that funds remain or that the program remains open after May 15, 2022.

3

Even assuming funds remain for certain approved applicants who have not yet received funds because of bank transfer errors, here Petitioner has not pled that he is one of those people. At the time the program was closed, Mr. Dini's application was in rejected status, because SBA asserts it could not verify the existence of an eligible business in 2019. **Doc. 1, Ex. 12** (application denied as SBA could not verify Petitioner's business was viable in 2019); **Doc. 6 at ¶ 15** (application was denied as of November 30, 2021); *see* **Doc. 33 at 13, Ex. 5** (application declined on November 10, 2021, as business was not confirmed to be viable in 2019). Mr. Dini was not merely waiting for the SBA to perform a ministerial bank transfer.

Therefore, Petitioner's alleged injury is not redressable, Petitioner lacks standing, and the Court will dismiss this case without prejudice. *See, e.g., Huang v. Small Bus. Admin*., No. 22-CV-03363-BLF, 2023 WL 3028087, at *4 (N.D. Cal. Apr. 19, 2023) (because EIDL funds were exhausted and program was closed, plaintiff's alleged injuries were not redressable); *Mar. v. United States Small Bus. Admin.*, No. 4:22CV543 HEA, 2023 WL 355906, at *2 (E.D. Mo. Jan. 20, 2023) (same), *reconsideration denied,* No. 4:22CV543 HEA, 2023 WL 2327675 (E.D. Mo. Mar. 2, 2023) (same).

**Doc. 44 at 7-9.** Mr. Dini does not identify any error in this ruling. Mr. Dini has not argued any of the above Rule 59 circumstances apply here, such as clear error or manifest injustice. On this ground alone, the Court denies his motion.

Alternatively, Mr. Dini argues that this case became moot before the Court entered judgment, as he asserts that legislation which withdrew appropriated funds was enacted on June 1, 2023, before judgment was entered. The Court disagrees. As the Government explains, the House of Representatives and Senate "examined and signed" the Fiscal Responsibility Act of 2023 on June 2, 2023. Doc. 47, Ex. A at 1. President Biden did not sign the bill into law as Public Law No. 118-5 until June 3, 2023, after judgment was entered. *See* Doc. 47, Ex. A; U.S. Const., Art. I, § 7, cl. 2 ("Every Bill which shall have passed the House of Representatives and the Senate, shall, before it become a Law, be presented to the President of the United States; If he approve he shall

4

sign it, but if not he shall return it, with his Objections to that House in which it shall have originated…"). Therefore, Plaintiff's argument is not well taken.

Alternatively, the Court notes that it has already essentially ruled as Mr. Dini requests. The Court found that it could not redress his injury, as the funds had been exhausted, and the EIDL program closed, before Mr. Dini filed his case. Doc. 44 at 7-9. Because there was a lack of case or controversy under Article III of the United States Constitution, the Court dismissed this case without prejudice for lack of subject matter jurisdiction. Mr. Dini does not explain how that ruling is incorrect.

Mr. Dini cites to *City of Houston* in support of his argument. *City of Houston, Tex. v. Dep't of Hous. & Urb. Dev.*, 24 F.3d 1421 (D.C. Cir. 1994). The undersigned ruled in the same manner as the *City of Houston* court. In *City of Houston*, the authorization for the appropriations expired on September 30, 1988. 24 F.3d at 1425. The *Houston* plaintiff did not file its case until April 4, 1989, *after* the appropriations lapsed. *Id.* The district court denied plaintiff's claims on summary judgment on mootness grounds. *Id.* at 1426. The D.C. Circuit affirmed, concluding "[t]he instant case is moot because the panel can offer no relief which can redress [appellant's] asserted grievance, —namely, the denial of over $2.6 million in CDBG funds." *Id.* (internal citation and quotation marks omitted). This court ruled in the same manner here. In this case, the funds were exhausted, and the EIDL program closed, on May 15, 2022. Doc. 44 at 7-9. Mr. Dini subsequently filed his case on July 11, 2022. The Court concluded in this case that it could not redress Mr. Dini's alleged injuries because the appropriated funds had been exhausted and the EIDL program closed. *Id.* at 7. This court used the term "redress" or "redressability" while the *City of Houston* court used the term "mootness", but in this case the terms may be used interchangeably.

**IT IS THEREFORE ORDERED** that Petitioner's Motion to Vacate Judgment (Doc. 46) is **DENIED.**

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS
UNITED STATES DISTRICT JUDGE**